IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

True North Energy, LLC,             Case No. 3:10 CV 1100

         Plaintiff,              MEMORANDUM OPINION
                                AND ORDER

     -vs-
                                  JUDGE JACK ZOUHARY

Chicago Title Insurance Company, et al.,

         Defendants.

## INTRODUCTION

Before this Court is Defendants' Bill of Costs (Doc. No. 101) filed pursuant to Federal Civil Rule 54(d)(1). Defendants seek a total payment of $14,967.45. Plaintiff filed an Objection (Doc. No. 102); and Defendants replied (Doc. No. 103). For the reasons that follow, Defendants' Bill of Costs is granted in part and denied in part.

## STANDARD

Prevailing parties in an action may recover certain allowable, reasonable, and necessary costs, pursuant to Federal Civil Rule 54(d). *In re Cardizem CD Antitrust Litig.*, 481 F.3d 355, 359 (6th Cir. 2007) (citing *Crawford Fitting Co. v. J.T. Gibbons Inc.*, 482 U.S. 437, 441 (1987)). The types of costs allowed are enumerated in 28 U.S.C. § 1920 as follows:

A judge or clerk of any court of the United States may tax as costs the following:

1.      Fees of the clerk and marshal;

2.      Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

3.      Fees and disbursements for printing and witnesses;

    4.       Fees for exemplification and copies of papers necessarily obtained for use in the case;

    5.       Docket fees under Section 1923 of this title [28 U.S.C. § 1828];

    6.       Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under Section 1828 of this title [28 U.S.C. § 1828].

28 U.S.C. § 1920.

Under Rule 54(d), "costs other than attorney's fees shall be allowed as of course to the prevailing party unless the court otherwise directs." The language of the Rule "creates a presumption in favor of awarding costs, but allows denial of costs at the discretion of the trial court." *White & White, Inc. v. Am. Hosp. Supply Corp.*, 786 F.2d 728, 730 (6th Cir. 1986). In the Sixth Circuit, the "prevailing party is *prima facie* entitled to costs unless the judgment recovered was insignificant in comparison to the amount actually sought." *Lewis v. Pennington*, 400 F.2d 806, 819 (6th Cir. 1968) (quoting *Lichter Foundation, Inc. v. Welch*, 269 F.2d 142, 146 (6th Cir. 1959)). To be excused from the burden of paying costs, the unsuccessful party must "show circumstances sufficient to overcome the presumption favoring an award of costs." *White & White, Inc.*, 786 F.2d at 732. "Such circumstances include: (1) where taxable expenditures are unnecessary or are unreasonably large; (2) where the prevailing party should be penalized for unnecessarily prolonging the trial or injecting unmeritorious issues; (3) where the prevailing party's recovery is so insignificant that the judgment amounts to a victory for the nonprevailing party; and (4) where the case is 'close and difficult.'" *Hartford Fin. Servs. Group, Inc. v. Cleveland Public Library*, 2007 WL 963320, *1–2 (N.D. Ohio 2007) (citing *White & White, Inc.*, 786 F.2d at 730–31).

Where costs are permitted, the court "must exercise discretion in assessing costs, only allowing for materials 'necessarily obtained for use in the case' and in an amount that is reasonable." *Id*. at *2 (citing *Berryman v. Hofbauer*, 161 F.R.D. 341, 344 (E.D. Mich. 1995)).

## DISCUSSION

### A.   THIS CASE PRESENTED NO CLOSE AND DIFFICULT ISSUES

As an initial matter, Plaintiff asks this Court to exercise discretion in taxing costs because the case presented several "close issues" of fact and law. This Court does not simply look at whether one party prevails over the other in determining whether a case is "close and difficult." Instead, this Court looks at "the refinement of perception required to recognize, sift through and organize relevant evidence, and . . . the difficulty of discerning the law of the case." *White & White, Inc.*, 786 F.2d at 732–33. The Sixth Circuit has upheld denial of costs in "close and difficult" cases "involving numerous parties, exhibits, transcript pages, and lengthy opinions." *Hartford Fin. Servs. Group, Inc.*, 2007 WL 963320 at *2.

For instance, in *White & White, Inc.*, the court declined to tax costs in a complex antitrust case where the trial "consumed 80 trial days, required 43 witnesses, produced 800 exhibits, generated almost 15,000 pages of transcript, and begat a 95 page opinion." 786 F.2d at 732. Similarly, in *United States Plywood*, the court did not tax costs in a patent infringement action involving complex patent issues where a lengthy trial ensued. *United States Plywood Corp. v. General Plywood Corp.*, 370 F.2d 500, 508 (6th Cir. 1996).

In contrast to these cases, many of the issues in this case were decided in Defendants' favor prior to presentation to the jury. In fact, out of the eight causes of action asserted in the First Amended Complaint (Doc. No. 13), only two claims -- breach of contract and unjust enrichment --

3

went to the jury for decision. The trial was short -- only four witnesses testified. No novel issues of law were involved, and the case did not rise to the complexity of either *United States Plywood* or *White & White, Inc*. Therefore, this Court finds this case was not sufficiently close and/or difficult and will not deny Defendant's costs *in toto*.

### B. COSTS -- THE "DEVIL IN THE DETAILS"

Defendants petition this Court for an award of $14,967.45 for costs. Specifically, Defendants request: (1) $557.70 for service of summons and subpoenas; (2) $8,925.89 for printed or electronically recorded transcripts; (3) $2,290.97 for the travel and subsistence expenses for trial witnesses; and (4) $3,192.89 for copies, imaging, and demonstrative exhibits. Plaintiff argues many of these costs are either not taxable or are not sufficiently supported.

#### 1. Fees for Service of Subpoenas Under Section 1920(1)

Defendants request $557.70 in fees for the service of trial and deposition subpoenas conducted by Cady Reporting Services, Inc., a private process service firm. Plaintiff contends these costs are "unreasonably large under the circumstances" and exceed the customary cost of such services in Toledo.

Pursuant to Section 1920(1), prevailing parties may be awarded "[f]ees of the clerk and marshal." In the Sixth Circuit, district courts "may tax costs for private process server fees to the extent that these private [] fees do not exceed the United States Marshals' fees." *Arrambide v. Wal-Mart Stores, Inc.*, 33 F. App'x 199, 203 (6th Cir. 2002). Defendants offer no evidence of the cost of service by the marshals. This Court, however, takes notice that the cost for subpoenas served upon Lyden and Hedrick by the Toledo marshals would be $187.50 -- detailed as follows.

4

The cost to serve a deposition subpoena upon Hedrick in Houston, Texas would have been approximately $22.25 ($15 marshal fee plus a certified mail fee of $7.25). The same amount would apply for her amended deposition subpoena. Therefore, the total amount allowed for the Hedrick subpoenas is $44.50 -- much less than the $414.70 requested by Defendants. The cost to serve a trial subpoena upon Lyden in Sylvania, Ohio would have been approximately $220 ($55 per deputy, per hour, with a minimum of two deputies and two hours). This figure is higher than the $143 requested by Defendants. This Court awards Defendants $143 for Lyden's subpoena.

### 2. Fees for Printed or Electronically Recorded Transcripts Under Section 1920(2)

Defendants request $8,925.89 in fees for deposition transcripts, minitranscipts, videos, and other related deposition expenses. Deposition expenses may be taxed as costs under Section 1920. *Sales v. Marshall*, 873 F.2d 115, 120 (6th Cir. 1989). Indeed, this Court recognizes that Subsections (2) and (4) "have been interpreted to authorize taxing as costs the expenses of taking, transcribing, and reproducing depositions." *Id*. In deciding whether to tax such costs, this Court must determine whether the costs of taking and transcribing the depositions were reasonably necessary for the litigation. *Id*. Defendants' request includes the costs for four deposition transcripts (including two additional minitranscripts) and for one trial testimony transcript.

#### a. *Minitranscripts*

Plaintiff has not objected to Defendants' costs for the depositions of Jerry Green and Janet Fagan. Green and Fagan both testified at trial and their deposition transcripts are properly taxable. Plaintiff is taxed $833.42 for these costs.

Plaintiff, however, correctly argues that costs for the minitranscripts of both Green and Teresa Hott are not recoverable under Section 1920. Costs for minitranscripts, minuscripts, and other

5

condensed versions of depositions are not recoverable under Section 1920 because they are not part of the standard cost of the transcript. *Hartford Financial Servs. Group, Inc.*, 2007 WL 963320 at *5 (categorizing condensed versions of depositions as "computerized litigation support" that are not taxable in the Sixth Circuit). The fact that minitranscripts may reduce time and costs necessary for reviewing documents for litigation is insufficient to make them taxable. *Id.* (citing *Northbrook Excess and Surplus Ins. Co. v. Procter & Gamble Co.*, 924 F.2d 633, 643 (7th Cir. 1991)). Moreover, Defendants do not attempt to justify these costs and provide no argument to assist this Court in determining whether these minitranscripts were reasonably necessary.

### b. *Deposition of Teresa Hott*

Plaintiff next objects to the deposition cost of Teresa Hott on the grounds she was not called as a trial witness, and her deposition was neither used nor read into the record. While this Court recognizes that whether a witness was or was not called at trial is an important factor, it is not determinative in every case. Depositions do not have to be used at trial or as evidence to be taxed as an expense. *Baker v. First Tenn. Bank Nat'l Ass'n,* 1998 U.S.App. LEXIS 5769, *10 (6th Cir.1998). "When a deposition is not actually used at trial or as evidence on some successful [] motion, whether its cost may be taxed generally is determined by deciding if the deposition reasonably seemed necessary at the time it was taken." *Id.* at *10 (quoting 10 Charles Alan Wright et al., Federal Practice and Procedure; Civil 2d § 2676, at 341 (2d ed. 1983)); *see also Sales*, 873 F.2d at 120 ("Necessity is determined as of the time of taking, and the fact that a deposition is not actually used at trial is not controlling."). The burden of overcoming the presumption favoring an award of costs is on the unsuccessful party. *White & White, Inc.*, 786 F.2d at 732. Thus Plaintiff, as the unsuccessful party,

bears the burden of convincing this Court that Hott's deposition was not reasonably necessary *at the time of its taking*. This Plaintiff fails to do.

Both parties identified Hott as an individual with relevant knowledge regarding the fee dispute between the parties in this matter. Not until two weeks before trial did Plaintiff indicate it would not call Hott as a witness. By that time, all transcripts had been ordered, paid for, and reviewed in anticipation of trial. Clearly, Hott's deposition was not taken for mere investigative purposes, and both parties recognized her deposition as reasonably necessary at the time of her deposition. Accordingly, Plaintiff is taxed $122.72 for these costs.

### c. *Video Deposition of Patricia Lyden*

Plaintiff asserts that Defendants should not be awarded costs for both a deposition transcript ($1,624.50) and a video transcript ($1,380.75) of Lyden's deposition. In the Sixth Circuit, however, taxing "both the cost of videotaping and transcribing a deposition" is permissible. *BDT Prods. v. Lexmark Int'l, Inc.*, 405 F.3d 415, 420 (6th Cir. 2005) (affirming the taxation of both the costs of videotaping and transcribing a deposition); *Hartford Fin. Servs. Group, Inc.*, 2007 WL 963320 at *5 (awarding taxation of costs for both videotaping and transcribing depositions); *see also Ibrahim v. Food Lion*, 1998 U.S. App. LEXIS 14905, *6 (6th Cir. 1998) ("Section 1920 includes as a taxable expense the cost of videotaping a deposition."). While Defendants actually used the video deposition at trial for impeachment purposes, this could have been done as effectively with a written transcript. Plaintiff correctly argues Lyden was within this Court's subpoena power, which means Defendants could have called her as a live witness. This Court shall permit the taxation of only the transcript cost in the amount of $1,624.50.

7

### d. *Trial Testimony of Patricia Lyden*

Plaintiff further opposes Defendants' costs for rough and final transcripts of Lyden's trial testimony.  Alternatively, Plaintiff contends that Defendants should only receive fees for the preparation of the "rough" or draft transcript and not for a final certified copy.

The expense of trial transcripts are only taxable when necessary. *Hartford Fin. Servs. Group, Inc.*, 2007 WL 963320 at *6.  In this case, Lyden's "rough" transcripts were used by Defendants in seeking judgement as a matter of law on Plaintiff's fraudulent concealment claim (Doc. No. 92).  The rough transcripts are therefore properly taxable.  Moreover, litigants in the Northern District of Ohio who order realtime "rough" transcripts are required to purchase final certified transcripts of the same pages.  *See* "Non-Appeal Transcript Order," *U.S. Dist. Ct., N.D. Ohio*, available at http://www.ohnd.uscourts.gov.  Therefore, by ordering a "rough" transcript of Lyden's testimony, Defendants were  required to purchase a final certified copy.  Plaintiff is taxed $1,467.30 for these costs.

### e. *Room Rental for Deposition of Reesa Hedrick*

Plaintiff also opposes Defendants' request for room rental fees for the deposition of Reesa Hedrick.  Room rental fees and technology fees are normal expenses associated with depositions and are thus taxable as costs.  Because Hedrick is located in Houston, Texas, it was reasonably necessary to take her deposition via videoconferencing.  It was also reasonably necessary to rent a video conference facility as Hedrick did not have access to videoconferencing technology.  Renting a room and the necessary technology was an economical alternative that otherwise would have required counsel to travel to Texas.  Plaintiff is taxed $3,447.20 for these costs.

### 3. Witness Fees and Expenses Under Section 1920(3)

Defendants request $2,290.97 for the travel expenses incurred by two witnesses, Jerry Green and Janet Fagan. The prevailing party may recover witness fees under 28 U.S.C. § 1920(3). *L&W Supply Corp. v. Acuity*, 475 F.3d 737, 738 (6th Cir. 2007). Expenses are limited to attendance, travel, and subsistence fees as enumerated in 28 U.S.C. § 1821. *Id.* Prevailing parties are entitled to fees paid to witnesses for attendance at trial and/or depositions, a daily attendance fee ($40 per day) and "expenses for the time necessarily occupied in going to and returning from the place of attendance." *Hartford Fin. Servs. Group, Inc.*, 2007 WL 963320 at *9 (citing § 1821). "A witness who travels by common carrier shall be paid for the actual expenses of travel" and "all travel expenses shall be taxable as costs." *Id.* Furthermore, Section 1821(d)(1) states "[a] subsistence allowance shall be paid to a witness when an overnight stay is required . . . ."

Defendants request costs for the airfare, lodging, travel fees, and for one meal for Green and Fagan. Plaintiff objects, arguing Green's costs are not taxable because he served as a company representative for Defendants during trial, and Defendants should only recover travel expenses for each witness up to 100 miles from the court.

Courts commonly award witness fees for employee-witnesses so long as such witnesses did not appear as representatives of a party-company. *See, e.g., Hartford Fin. Servs. Group, Inc.*, 2007 WL 963320 at *9–10; *Golden Voice Tech. & Training LLC v. Rockwell Elec. Commerce Corp.*, 2004 U.S. Dist. LEXIS 22064 (D. Fla. 2004) ("Federal law permits corporate litigants to recover . . . witness fees . . . so long as those officers appeared solely as witnesses rather than as representatives.") (citing *Kemart Corp. v. Printing Arts Reserach Labs.*, 232 F.2d 897, 901–902 (9th Cir. 1956) and *Perlman v. Feldman*, 116 F. Supp. 102, 115 (D. Conn. 1953)). In *Hartford* -- cited by Plaintiff -- the court

9

taxed costs for a corporate witness who served both as witness and corporate representative, excluding costs attributable to the witness's attendance as representative. *Hartford Fin. Servs. Group, Inc*., 2007 WL 963320 at *10.

Defendants seek fees and costs totaling $1,475.62 for Green's trial testimony. "Exhibit C" (Doc. No. 101-3, pp. 12–13) reflects Green's hotel expenses from August 20 to August 25, but some of these expenses are attributable to Green's trial attendance as a corporate representative -- not as a witness. Green testified on August 24, the second day of trial, and it was reasonably necessary for Green to arrive in Toledo on August 23, the day before his testimony. Due to airline schedules and the planning necessary for Green to arrange his return trip home, this Court agrees with Defendants that the earliest Green could have left Toledo was August 25, the day after his testimony. Accordingly, Defendants may recover two nights stay in Toledo and daily subsistence totaling $1,045.89 for Green.

Similarly, Fagan appeared as a witness, and her travel fees and subsistence of $815.35 shall be awarded.

Contrary to Plaintiff's assertion, travel expenses are not limited to the 100-mile limit of the court's subpoena power. *See, e.g.*, *Bendix Commer. Vehicle, LLC v. Haldex Brake Prods. Corp.*, 2011 U.S. Dist. LEXIS 318, *8–9 (N.D. Ohio 2011) (awarding costs for five coach class fares for witnesses traveling from outside the court's subpoena power). Instead, "the 100-mile rule is a proper and necessary *consideration* on the part of the district court." *Soberay Machine Equip. Co. v. MRF Limited, In.*, 181 F.3d 759, 771 (6th Cir. 1999) (emphasis added). "In considering whether to allow expenses for traveling in excess of 100 miles, the court should consider the length of the journey, the necessity of the testimony, and the possibility of averting the travel expense." *Id*.

10

This Court finds the requested travel costs beyond 100 miles were warranted. Green was traveling from Denver, Colorado and Fagan from Chicago, Illinois. Both witnesses were forced to travel from their home states to defend this suit and were necessary witnesses. Plaintiff identified both as proposed trial witnesses (Doc. No. 43) and in fact called both to testify at trial.

### 4. Fees for Copies, Document Imaging, and Bate Stamping Under Section 1920(4)

Defendants request $3,192.89 in photocopying and printing costs, which consist of document imaging ($1,041.03), branding of exhibits ($239.73), copies of exhibits ($224.56), and exhibit preparation and demonstratives ($1,687.57). Generally, a prevailing party may tax as costs "[f]ees for exemplification and papers necessarily obtained for use in the case." 28 U.S.C. § 1920(4). The Sixth Circuit, however, has cautioned that courts should not merely "rubber stamp" photocopying expenses. *Bowling v. Pfizer, Inc.*, F.3d 1147, 1151-52 (6th Cir. 1998). Photocopies "obtained only for the convenience of counsel, including extra copies of filed papers and correspondence, are ordinarily not recoverable." *Hartford Fin. Servs. Group, Inc.*, 2007 WL 963320 at *10. If it appears that a party's non-itemized request for copying charges includes amounts that are not reimbursable under Section 1920(4), the court may reduce the number to reflect the court's estimate actually used for trial. *Id*. Additionally, the party seeking reimbursement for photocopying costs has the burden to "show that the copies were necessary for use in the case." *Charboneau v. Severn Trent Labs.*, 2006 U.S. Dist. LEXIS 16877, *4 (W.D. Mich. 2006) (holding the party must provide a description that is "the best break down obtainable from retained records").

First, this Court holds the branding of exhibits (bate stamping) is not taxable -- this is an "overhead expense" not recoverable under Section 1920. *Hartford Fin. Servs. Group, Inc*., 2007 WL 963320 at *5 (holding that marking exhibits and bates labeling are not taxable); *Elabiad v. Trans-West*

*Express, LLC*, 2006 U.S. Dist. LEXIS 48252, \*6 (N.D. Ohio 2006) ("[C]harges for marking exhibits . . . are also 'overhead' expenses not taxable under § 1920."). Therefore, the $239.73 requested by Defendants for this purpose shall not be taxed.

Second, expenses incurred creating exhibits (rather than in conceptualizing and conducting research for the exhibits) and presenting them at trial are recoverable under Section 1920. *American Trim v. Oracle Corp.*, 230 F. Supp. 2d 803, 806 (N.D. Ohio 2006). Defendants' exhibits were utilized at trial by counsel from both parties, and this Court finds them taxable. Accordingly, Defendants may recover $1,687.57 for exhibit costs and $224.56 for exhibit copies.

Third, the Sixth Circuit has held that electronic scanning and imaging can be taxable under Section 1920. *See BDT Prods.*, 405 F.3d at 420; *see also J-Way Leasing, Ltd. v. American Bridge Co.*, 2010 U.S. Dist. LEXIS 19390, \*9 (N.D. Ohio 2010) (taxing costs for document imaging). Contrary to Plaintiff's assertion, document imaging was not for the mere convenience of counsel. Defendants produced over 30,000 pages of documents in response to Plaintiff's production request. Defendants chose to furnish Plaintiff with electronic pdf copies of documents via e-mail or on CDs in an effort to reduce costs. Doing so does not preclude Defendants from recovering exemplification costs. The facts here are not like those in *Hartford*, where the court refused to tax such costs because the prevailing party did not itemize or explain why the copies were made. *Hartford Fin. Servs. Group, Inc.*, 2007 WL 963320 at \*7. Defendants here provided this Court with an itemized list of expenses and with an adequate explanation of the purpose of the costs. Defendants may recover $1,041.03 for document imaging.

## CONCLUSION

For the foregoing reasons, Defendants' Bill of Costs is granted in part and denied in part. Defendants are entitled to recover the revised amount of **$12,497.04**.

| Category | Amount Requested | Amount Awarded |
|---|---:|---:|
| 28 U.S.C. § 1920(1) Fees for Service of Subpoenas | $557.70 | $187.50 |
| 28 U.S.C. § 1920(2) Fees for Deposition Expenses | $8,925.89 | $7,495.14 |
| 28 U.S.C. § 1920(3) Fees for Witnesses | $2,290.97 | $1,861.24 |
| 28 U.S.C. § 1920(4) Fees for exemplification and copies | $3,192.89 | $2,953.16 |
| **Totals:** | **$14,967.45** | **$12,497.04** |

IT IS SO ORDERED.

    s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

October 27, 2011